IN THE DISTRICT COURT OF GUAM

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JAMES DINO,

Defendant.

Criminal Case No. 04-00016

**OPINION AND ORDER ON PETITIONER'S MOTION TO REDUCE SENTENCE**

This matter comes before the court on the request of the Petitioner James Dino ("the Petitioner") to reduce his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. The Prosecutor opposes his request, arguing that the motion is meritless. Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without the need for oral argument.[1] After reviewing the parties' submissions and relevant authority, the court **HEREBY DENIES** the Petitioner's motion and **DISMISSES** the case for lack of jurisdiction.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Petitioner was indicted on March 24, 2004, on one count of Possession of Methamphetamine with Intent to Distribute. *See* Docket No. 1. On May 27, 2004, pursuant to a plea agreement, he pled guilty to the charge. *See* Docket Nos. 15 and 16. On April 1, 2005, the court granted the Petitioner's conditional release on bail. *See* Docket No. 25. On November 17, 2005, the Prosecutor sought to revoke the Petitioner's bail status because he had not complied

---

[1] Local Civil Rule 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

with his promise to cooperate with the Drug Enforcement Administration. *See* Docket No. 28. The Prosecutor alleged that the Petitioner had "returned to the active distribution of methamphetamine." Docket No. 28. The court granted the motion, and an arrest warrant was issued and returned. *See* Docket Nos. 29, 30 and 31. A revocation hearing was scheduled but pursuant to a stipulation entered by the parties, the matter was instead set for sentencing. *See* Docket Nos. 35 and 36. The Petitioner was sentenced on October 19, 2006 to a term of twenty years of imprisonment. *See* Docket No. 52. Judgment was entered on October 20, 2006. *See* Docket Nos. 53 and 55.

The Petitioner, proceeding *pro se*, now seeks a reduction of his sentence. On June 8, 2009, he filed a document styled as a "Motion for Reduction of Sentence Pursuant to Rule 35, F.R.C.P." *See* Docket No. 56. The Petitioner requests, *inter alia*, that the court "consider his clear and thorough demonstration of reform, and allow a reduction of sentence which will permit an earlier release and an earlier opportunity for a new start." *See* Docket No. 56, p. 4. He asks the court to consider his poor health, his educational background, his desire to be reunited with his family, and the disparity in sentencing among different judges." *See* Docket No. 56. He asserts that the reduction of his sentence will serve the interests of justice and society. *See id.*

The Prosecutor filed an opposition to the motion on June 10, 2009, arguing that the court lacks jurisdiction to reduce the Petitioner's sentence. *See* Docket No. 57. The Prosecutor contends that the request is meritless, as the Petitioner "only talks of family hardships" but "ignores his own persistent illegal conduct that caused tremendous harm to society."[2] *Id.* The

---

[2] The Petitioner challenged the Prosecutor's opposition in later filings. Citing Rule 35(b) and cases interpreting this rule, he argued that there was authority for the court to reduce a sentence when a defendant provides substantial assistance. *See* Docket No. 58. He asserted that he provided substantial assistance that led to the conviction of Eric Mandell, but that he had been "reluctant" to "mention" this assistance in his initial filing. *See id.* Petitioner then submitted an "addendum" to his motion, explaining that the Guam Police Department's "cold case unit" officers were aware of his assistance. *See* Docket No. 59.
 The Prosecutor then responded to the Petitioner's filings, reiterating that there is no jurisdictional basis for the relief requested by the Petitioner under Rule 35 or 28 U.S.C. § 2255(f). *See* Docket No. 60. The Prosecutor also contends that the argument made by the Petitioner is meritless, as he had violated the terms of his cooperation agreement when his bail

Prosecutor points out that the Petitioner was sentenced to 20 years imprisonment, which is "appropriate for a twice convicted narcotics dealer." *Id.*

## II. DISCUSSION

Although not entirely clear from the Petitioner's initial filing, the subsequent filings by the parties reveal the specific issue of this case: whether the Petitioner has the authority to request the reduction of his sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. This rule states in relevant part:

> (b) Reducing a Sentence for Substantial Assistance.
>
>   (1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
>
>   (2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>
>     (A) information not known to the defendant until one year or more after sentencing;
>
>     (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>
>     (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b). Contrary to the Petitioner's assertions, he cannot rely on Rule 35(b) to seek a reduction of his sentence.

First, according to the plain words of Rule 35(b), a motion for reduction of a sentence is made only "[u]pon the government's motion." The Petitioner acknowledges that the Prosecutor never made this motion: "I was patiently waiting for the government to bring forth the

---

was revoked for selling methamphetamine. *See id.* The Prosecutor submitted a recently decided Ninth Circuit case for the court's review, *United States v. Montalvo*, 581 F.3d 1147 (9th Cir. 2009). *See* Docket No. 63. The court agrees with the Petitioner that *Montalvo* is inapposite, as it addresses a motion pursuant to Rule 35(a). *See* Docket No. 65. The Petitioner makes clear that his motion is pursuant to Rule 35(b).

Page 3 of 5

heretofore mentioned relief of a substantial reduction of my sentence." *See* Docket No. 59. Consequently, the Petitioner himself filed a motion, purportedly based on Rule 35(b). *See* Docket No. 56. But Rule 35(b) allows only "the government" to file this motion. Therefore, the Petitioner's reliance on Rule 35(b) is misplaced; he has no authority to file this motion.

Second, Rule 35(b) applies to a defendant's substantial assistance provided "after sentencing." It appears, however, that any assistance provided by the Petitioner occurred *before* his sentencing. The Petitioner asserts that he "expected, *at sentencing* some consideration of [his] extensive assistance by way of a substantial reduction of [his] present sentence of 240 months." Docket No. 59 (emphasis added). Nothing in his filings indicate that he provided any assistance after he was sentenced. The Ninth Circuit has held that "a Rule 35(b) motion rewards a defendant for *post-sentencing* assistance." *United States v. Awad*, 371 F.3d 583, 588 (9th Cir. 2004) (emphases added) (quoting *United States v. Quach*, 302 F.3d 1096, 1102 (9th Cir. 2002). The record before the court reflects that assistance by the Petitioner was before sentencing, and he makes no assertion of any assistance after his sentencing. Therefore, Rule 35(b) does not apply in his case.

Although not argued by the Petitioner, the court recognizes that the "unfortunate mislabelling" of a *pro se* petitioner's motion "is not necessarily fatal to maintaining his claims. The pleadings of a *pro se* inmate are to be liberally construed. A court may treat a Rule 35 motion as one brought under 28 U.S.C. § 2255." *United States v. Young*, 936 F.2d 1050, 1052 (9th Cir. 1991) (citations omitted). Yet even if this court analyzed the Petitioner's filing as a motion under § 2255, his argument fails nonetheless. Motions brought pursuant to § 2255 are subject to a one-year period of limitation. *See* 28 U.S.C. § 2255. "[T]he Supreme Court held that '[a] motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from the date on which *the judgment of conviction* becomes final.'" *United States v. Speelman*, 431 F.3d 1226, 1230-31 (9th Cir. 2005) (quoting *Clay v. United States*, 537 U.S. 522, 524 (2003) (emphasis added)). Here, the judgment

///

///

| | |
|---|---|
| 1 | was entered October 20, 2006 and the instant motion was filed on June 8, 2009 – more than 2½ |
| 2 | years later. *See* Docket Nos. 53, 55 and 56. This court lacks jurisdiction and must dismiss. |
| 3 | **III. CONCLUSION** |
| 4 | This court does not have jurisdiction under Rule 35(b) or 28 U.S.C. § 2255 to reduce the |
| 5 | sentence as requested by the Petitioner. Accordingly, his motion is **HEREBY DENIED** and the |
| 6 | case is **DISMISSED.** |
| 7 | **SO ORDERED.** |



/s/ Frances M. Tydingco-Gatewood
　　Chief Judge
**Dated: Dec 23, 2009**